FILING INSTRUMENT AFFECTING REAL ESTATE WHERE FEE PROPERLY PAID A county clerk is mandatorily required to file a financing statement, continuation statement, termination statement or assignment or release of financing statement, which contains an adequate legal description of land, and otherwise meets the requirements of law, in both the real estate tract index and the Uniform Commercial Code debtor's name index if the secured party tenders sufficient filing fees therefor and directs that same be so filed and recorded. The Attorney General has had under consideration your letter of October 12, 1970, in which you ask: "Question: Is a county clerk mandatorily required to file a financing statement, continuation statement, termination statement or assignment or release of financing statement, which contains an adequate legal description of land, and otherwise meets the requirements of law, in both the real estate tract index and the Uniform Commercial Code debtor's name index if the secured party tenders sufficient filing fees therefor and directs that same be so filed and recorded?" Your question is supplementary to your recent letter which resulted in our Opinion No. 70-278. The statutes under particular consideration are 12A O.S. 9 [12A-9] — 12A O.S. 401 [12A-401] (1961), subsections (1) and (2), which read: "(1) The proper place to file in order to perfect a security interest is as follows: (a) when the collateral is equipment used in farming operations, or farm products, or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the county clerk in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the county clerk in the county where the goods are kept, and in addition when the collateral is crops in the office of the county clerk in the county where the land on which the crops are growing or to be grown is located; (b) when the collateral is goods which at the time the security interest attaches are or are to become fixtures, then in the office where a mortgage on the real estate concerned would be filed or recorded; (c) in all other cases, in the office of the county clerk of Oklahoma County. "(2) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement." And Sections 6 and 7 of chapter 246, O.S.L. 1970, which read:1, "Section 6. No filing of a financing statement, continuation statement, termination statement, or assignment or release of a financing statement under the provisions of subsection (1) (b) of Section 9-401 of this Article shall constitute record notice of the contents thereof against any subsequent purchaser or encumbrancer of real estate or any interest therein unless the same contains a legal description of the real estate adequate for the purposes of indexing in the tract indexes of the county wherein the real estate is situated. "Section 7. It shall be the duty of the county clerk to cause all such financing statements, continuation statements, termination statements, or assignments or releases of financing statements containing an adequate legal description to be recorded and indexed in the records of said office in the same place and manner as a mortgage on real estate or assignment or release thereof." A substantial amount of confusion has arisen over these two new sections. Their purpose, however, was to add to, not lessen, the effectiveness of the Uniform Commercial Code. The code itself was intended to simplify procedures; to encourage orderly expansion of commercial practices; to establish a body of commercial law which would let persons deal with reasonable certainty with each other. The first section of the code recites its name and then the very next section (12A O.S. 1 [12A-1] — 12A O.S. 102 [12A-102] (1961)) tells us in part: "(1) This Act shall be liberally construed and applied to promote its underlying purposes and policies. (2) Underlying purposes and policies of this Act are (a) to simplify, clarify and modernize the law governing commercial transactions; (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties. . . ." Subsection (3) of this same section makes clear that parties to agreements under the code cannot avoid the obligations of "good faith, diligence, reasonableness and care" prescribed by the Act. We must bear in mind, as we pointed out in Opinion No. 70-278, that these sections under consideration are "notice" statutes. The purpose is to permit the secured party to give notice to the world of his interests. Indeed, the burden is on him to do so or he may very well lose that interest without being compensated for it. With this burden placed upon him, then, the secured party should be able to file his instrument and give his notice in the place and manner he feels necessary for his protection unless prohibited by law. A person having a security interest is not required by law to file his notice at all; he is permitted to do so as a privilege. In order to permit the "continued expansion of commercial practices through custom usage and agreement of the parties" privileges should be granted unless prohibited by the letter or spirit of the law. The provisions of the code are to be liberally construed. Furthermore, there are very valid reasons why a secured party may find it desirable, even necessary, to file in both the debtor index and in the tract index. A secured party may file in the tract indexes only those instruments covering goods which "are or are to become fixtures." But what is a fixture? There are times when that question is extremely difficult to answer. The secured party must, at his peril, decide correctly when he files. Then, too, any goods which "are to become fixtures" may never become fixtures. The minds of men change and the plans of men change. If a secured party filed an instrument in the tract index alone on the assumption that the covered goods "are to become fixtures" and such goods never became fixtures, then he might very well not have the priority he thought he had. If such a person had filed in the place of his choice and lost his security interest, his situation would be regrettable; but if he had been limited to one place by a county official, then lost his security interest, his situation would be tragic. He would be a victim of government instead of a beneficiary. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A county clerk is mandatorily required to file a financing statement, continuation statement, termination statement or assignment or release of financing statement, which contains an adequate legal description of land, and otherwise meets the requirements of law, in both the real estate tract index and the Uniform Commercial Code debtor's name index if the secured party tenders sufficient filing fees therefor and directs that same be so filed and recorded. (NORMAN CANNON)